UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| MAURICIO WARNER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5: 16-365-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Mauricio Warner is a prisoner incarcerated at the Federal Medical Center-Lexington ("FMC-Lexington") in Lexington, Kentucky. Proceeding without an attorney, Warner has filed a document captioned "Motion Under *Bivens v. Six Unknown Federal Narcotics Agents*," in which he asserts claims against the United States of America and Francisco J. Quintana, Warden of FMC-Lexington pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. [D.E. 1] Warner's "Motion" has been docketed as a complaint for administrative purposes.

The Court must conduct a preliminary review of Warner's complaint because he has been granted permission to pay the filing fee in installments [D.E. 7] and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. When

testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

The only factual allegation of Warner's complaint is that he "was exposed to black mold and that medical staff at FMC Lexington failed to treat him for exposure to black mold." [D.E. 1 at p. 2] Warner claims that this "housing condition" constitutes "Cruel and Unusual Punishment" in violation of the Eighth Amendment of the United States Constitution. [*Id*.] He seeks relief from both defendants pursuant to the doctrine announced in *Bivens* and the FTCA.

With respect to Warner's *Bivens* claim, the *Bivens* doctrine allows a federal prisoner to bring a money-damages suit against federal officers who violated his Eighth Amendment right to be free from cruel and unusual punishment. *Carlson v. Green*, 446 U.S. 14 (1980). *See also* 42 U.S.C. § 1983 (providing redress for violations of an injured party's constitutional rights). However, a *Bivens* claim is only properly asserted against individual federal

employees in their individual capacities. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). Thus, Warner may not bring a *Bivens* claim against the United States. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001)("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."). Accordingly, Warner's *Bivens* claim against the United States will be dismissed.

To the extent that Warner asserts a *Bivens* claim against Quintana individually, in order to recover against a given defendant in a *Bivens* action, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). The requirement of personal involvement does not mean that the particular defendant actually committed the conduct complained of, but it does require a supervisory official to have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Hays v. Jefferson County, Kentucky*, 668 F.2d 869, 874 (6th Cir. 1982). The mere fact of supervisory capacity is not enough: respondeat superior is not an available

theory of liability.  *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981).

Here, Warner makes no specific allegations *at all* with respect to Quintana, much less any allegation that Quintana was personally involved in the conduct which purportedly constituted the deprivation of his constitutionally-protected rights.  Rather, Warner's allegations consist entirely of conclusory statements and legal conclusions.  To state a viable claim for relief, a complaint must do more: it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Supreme Court has explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Simply labeling the defendants' actions - whatever they might have been - as "negligent" or as "deliberately indifferent" deprives the defendants of notice of the conduct complained of, a notice to which they are entitled.

Because the complaint does not provide any factual basis for a *Bivens* claim against Quintana, but instead simply pleads legal

4

conclusions without surrounding facts to support those conclusions, it must be dismissed for failure to state a claim. *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008).

Turning to Warner's claim under the FTCA, the "FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir.1990) (citing 28 U.S.C. § 2679(a)). In addition, the Westfall Act, 28 U.S.C. § 2679(b)(1), immunizes federal employees from tort liability for actions taken within the scope of their employment. *Roberts v. United States*, 191 F. App'x 338 (6th Cir. 2006). The Court will, therefore, dismiss the claims against Quintana, leaving only Warner's claims against the United States pursuant to the FTCA.

With respect to his FTCA claim against the United States, ordinarily, the United States, as a sovereign entity, is immune from suit absent its consent. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA constitutes a limited waiver of that immunity for suits sounding in tort against employees and officers of the United States for acts committed within the scope of their employment. *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). However, the FTCA permits the exercise of subject matter jurisdiction over such a claim only if it has already been presented to the agency for administrative settlement and the agency has denied the request. 28 U.S.C. § 2675(a); *Myers*

*v. United States*, 526 F.3d 303, 305 (6th Cir. 2008). If the plaintiff did not both file an administrative claim and receive a denial from the agency before filing suit, the FTCA mandates the dismissal of a suit against the United States. *McNeil v. United States*, 508 U.S. 106 (1993).

Here, Warner makes no allegation in his complaint that he presented his claim to the Bureau of Prisons for administrative settlement and was denied prior to filing suit, an allegation necessary to establish the Court's subject matter jurisdiction to entertain his claim. The plaintiff bears the burden of demonstrating subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). The Court has a continuing duty to satisfy itself that subject matter jurisdiction is present, and accordingly may raise the issue at any time during the course of an action. Fed. R. Civ. P. 12(b)(1), 12(h)(3); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992). Once challenged, the plaintiff bears the burden of establishing that subject matter jurisdiction is present. *Frey v. E.P.A.*, 270 F.3d 1129, 1131-32 (7th Cir. 2001); *Thomason v. Gaskill*, 315 U.S. 442 (1942). To satisfy his burden, Warner must file documents into the record establishing that he presented the claims asserted in his present complaint to the BOP for administrative settlement and that such request was finally denied.

Accordingly, **IT IS ORDERED** that:

1. Warner's complaint [R. 1] is **DISMISSED WITH PREJUDICE** with respect to all claims arising under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

2. Warner's complaint [R. 1] is **DISMISSED WITH PREJUDICE** with respect to all claims against Defendant Francisco Quintana, Warden, arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80.

3. As all claims against Defendant Quintana have been dismissed, Quintana is **DISMISSED** as a defendant in this action.

4. Within twenty-eight (28) days from the date of this Order, Warner **SHALL FILE** into the record the Standard Form 95 he filed with the Bureau of Prisons regarding the claims asserted in the complaint, as well as the Bureau's denial of his request for administrative settlement.

This the 21st day of November, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge